# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LESTER P. ACKERMAN, IV

    *Plaintiff*,

    v.

UNITED STATES OF AMERICA,

    *Defendant*

Civil Action No. 25 - 4385 (LLA)

## MEMORANDUM OPINION

Before the court is Plaintiff Lester P. Ackerman IV's complaint, ECF No. 1, and motion to proceed *in forma pauperis*, ECF No. 2. The court will grant the application to proceed *in forma pauperis* and dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). 28 U.S.C. § 1915 requires a court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous." Consequently, the court is obligated to dismiss a

complaint as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Mr. Ackerman claims that the United States "has caused hate and discrimination" toward him by "using the term molester in the crimnal [sic] justice system to discribe [sic] a crime" because the word "molester" rhymes with Mr. Ackerman's first name, Lester. ECF No. 1, at 4. Among other relief, Mr. Ackerman demands an award of $37 trillion to be placed in the "Lester Trust for people affected by . . . criminal negligence" and a "change [in] the vocabulay [sic] of the justice system." *Id.* at 4-5.

The court concludes that Mr. Ackerman's claim lacks an arguable basis in law or fact because his core assertions are wholly irrational. *See Neitzke*, 490 U.S. at 325. The court will accordingly grant Mr. Ackerman's motion to proceed *in forma pauperis*, ECF No. 2, and dismiss his complaint, ECF No. 1, without prejudice.

_____
LOREN L. ALIKHAN
United States District Judge

Date:  January 12, 2026